SpaIjiing, J.
Under the act of 1881, entitled “ an act to regulate the action for forcible entry and detainer,” Swan 417, it is provided, in sec. 3, that “ where forcible detainer only shall be alleged in the complaint, it shall be the duty of the complainant to notify the defendant, at least ten days prior to issuing the writ, to leave the premises.”
The following section of the same act provides “ that when the complaint shall specify both forcible entry and detainer, it shall be the duty of the jury, if they find a verdict of guilty, to designate in such verdict whether they find the defendant guilty of forcible entry and detainer, or forcible detainer alone; and if the latter only, they shall also find whether the requisite notice had been given ; and if such notice shall not have been given, the complainant shall not recover costs.-”
If the proceedings in the case under consideration had taken place under the act of 1831, they would have been irregular, for want of ten days notice; but the complaint being for forci *169 ble detainer alone, and not for “ forcible entry and detainer,” the jury could not be required to find whether the requisite notice had or had not been given.
Under that act, in a proceeding for forcible detainer alone, it would be necessary to make proof of ten days notice, before the case could properly go to the jury at all.
The act of 1831 was amended by an act passed March 13, 1843, 41 vol. Ohio Laws 78, the first section of which provided that one justice of the peace should have jurisdiction to inquire, by jury, “ as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into lands or tenements, unlawfully and by force hold the same.” It also provides that where forcible entry only shall be alleged in the complaint, it shall be the duty of complainant to notify the defendant, at least three days prior to issuing the writ, to leave the premises.
The second section provides that “ when the jury shall appear, they shall be impanneled to inquire into the forcible detainer complained of, and the justice shall lay before the jury the exhibited complaints, and shall administer an oath to the jurors well and truly to try whether the complaint of the plaintiff is true according to the evidence.”
The third section provides that “ if the jury shall find the same1 true, they shall return a general verdict of guilty, or they shall return a special verdict of such parts as they do find true.” >
By a still later act, passed Eeb. 27, 1846, 44 vol. O. L. 69, it is provided that, in all actions, “ where either forcible entry only, or forcible detainer only, or both, shall be alleged in the complaint, it shall be the duty of the complainant to give notice, in writing, to the defendant, to quit the premises, at least three days prior to issuing the writ.”
Thus stood the law when the present complaint, showing on its face six days notice to defendant, was filed.
*170 The jurors were sworn under the act of 1843, to “ well and truly try whether the said complaint” was true according to the evidence; and they were authorized to find either a general verdict of guilty, or to return a special verdict of such parts as they did find true. They returned, upon their oath, that the defendant was guilty, as the plaintiff, in his complaint, had alleged; and that the matters stated in the complaint were true. They therefore find, substantially, that six days notice in writing had been given.
Taking all the acts together, we are satisfied that judgment was properly rendered, on the verdict, for costs. The letter of the law does not require a special finding as to notice, where forcible detainer only is alleged in the complaint. The spirit of the law may require such finding, and if so, the jury have substantially ascertained the fact by pronouncing the matters stated in the complaint to be true.

Judgment affirmed.