Johnson, J.
¥e pass, without special notice, several novel phases of this case — such as the joinder of the personal and legal representatives of Josiah Robbins in this action ; the prayer for full compensation for the land appropriated, and damages for its fraudulent conversion, joined with a prayer for equitable relief; the special finding of facts touching the equitable relief, not upon evidence submitted to the court, but upon that addressed to the jury, a month before, upon the issue as to damages ; and the prosecution of two independent proceedings in error at the same term of the district court.
Upon these questions no opinion is expressed.
It appears from the record, that the administrators, and the heirs, as plaintiffs, have recovered a judgment in money, as compensation for land adjoining defendant’s railroad track and depot grounds, because it has unlawfully and fraudulently converted the same to its own use, contrary to the wishes of said Robbins, while in possession by his consent for a temporary purpose only.
It further appears, that the parcel of land so appropriated may be separated from the railroad track and grounds, without injury to the railroad. It does not appear that either the plaintiffs, or said Josiah Robbins are, in any way, *537 «stopped or barred of their rights to recover the land itselfj as in other cases of unlawful entry upon lands.
The question presented by these facts, is, was there a valid judgment for money, upon which to base the equitable relief afforded by the district court? That court assumed there was, and made that judgment a charge upon, the land.
The whole record was before that court, and if, upon its face, there was no such judgment upon which to found the prayer for equitable relief, then that court erred, in making such judgment a charge upon the land. Potter v. Meyers, 31 Ohio St. 103-106.
The validity of the judgment at law, was an essential prerequisite to the decree of the district court, making it a ■charge upon the land, and granting an order of sale to pay the same.
Eor this reason the matters set up in the special answer ■of defendant in error are not a bar to this inquiry. Although, in form, there were two independent proceedings in error, there was, in fact, but one case and one record. The special answer, which it is admitted states the facts, shows that both parties were, at the same time, before the district court, upon errors assigned by each to the same record. In this court it is specifically assigned as error, that the district court erred in affirming the judgment of -the common pleas. This brings the whole case before us as fully as if there had been but one petition in error in the .district court, and cross-errors assigned.
Recurring, then, to the question stated, let us inquire into the nature of this case.
It differs materially from the case of D., X. & B. R. R. Co. et. al. v. Lewton, 20 Ohio St. 401, relied on by the defendant in error.
That was the case of an entry and appropriation of land, by the corporation under a contract, to pay a sum of money at .a future day, and to construct crossings and cattle-guards on vendor’s land; and it was held that he was entitled to an equitable lien on the land sold, as well for the damages for *538 not constructing the road as agreed, as for the unpaid purchase-money.
Neither is it governed by the principle controlling in Goodin v. The-Cin. & W. C. Co., 18 Ohio St. 169, where it was held that one who stands by, without objection, and sees a .public railroad constructed over his «land, can not, after it is completed, or a large expenditure made on the faith of his apparent acquiescence, reclaim the laud, or enjoin its use by the railroad company.
In such a case there only remains to the owner a right of compensation. This rests upon the ground of estoppel in favor of stockholders and creditors. As he did not speak when he should, he will, not be allowed to speak when he would. This case rests upon its own peculiar facts, and is not to be extended, by other cases, when an estoppel is not clearly established.
The case at bar differs from both these cases. This is the case of an unlawful and unauthorized use, and a fraudulent appropriation, against the objection of the owner, and is not under a contract of sale, or by acquiescence or other acts, upon the faith of which expenditures have been made. In short, it is an action for the trover and conversion of real estate.
It must also be kept in mind that, although the heirs of Robbins are united as plaintiffs with the administrators, they are only nominally such, and there is nothing in the record that would estop them from bringing an action of ejectment to recover the land itself, even though the judgment be paid to the administrators.
That Robbins himself was not so estopped is clear, as he took pains to show in his petition, by asking for a recovery of the land in the event he was not entitled to compensation or damages. His heirs have done nothing since to estop them. Neither he, nor they, offer to convey or surrender the title, upon being paid, and neither has done any act, so far as the record shows, that would estop him, or them, from asserting the title to this land.
*539 The 21st section of the act of 1872 (69 O. L. 95), provides a statutory remedy, unknown to the common law, for cases like this. By it, the owner of land, taken and used by a corporation, authorized to condemn land without being appropriated and paid for, and without any agreement in writing with such owner, or any legal or equitable right thereto, may, by special proceedings, have the value of such land, ascertained by a jury, and a judgment for the purchase-money, to be collected by execution.
By this proceeding the judgment js not made a lien or charge upon the land. If not collectible on execution, and not paid in sixty days, the court may enjoin the use of the land until it is paid.
When paid, or satisfied, the title passes, by operation of the statute, section 10, to the corporation.
Until paid, the title and estate remain in the heirs. This is a special remedy in cases of unauthorized entry and appropriation, but it is not exclusive of that at common law, as in all cases of unlawful entry and possession of lands.
The present action was originally one at law. By amendment, equitable relief was also demanded. Such an action, either at law or in equity, in case of an unlawful entry, or wrongful detention of lands, is unknown at common law or in equity. This judgment does not bar an action by the heirs. Even its payment does not operate to transfer the title, as in the case under proceedings authorized by the above statutes. Such payment to the administrators would not estop these heirs. The title is still in them.
Counsel cite part of section 1219, Story Equity Jurisprudence : “ That a person who has gotten the estate of another ought not in conscience to keep it and not to pay full consideration money.”
The whole section, if quoted, would have shown that it relates to the implied trust, arising in case of a vendor’s lienT and not to a case of wrongful and unlawful appropriation, when the estate still remains in the owners.
*540 The whole paragraph reads: “ The principle upon which courts of equity have proceeded in establishing this lien, in the nature of a trust, is, that a person who has gotten the estate of another, ought not, in conscience, as between them, be allowed to keep it, and not pay the full consideration money.” It has no relation to a case like the one before us.
Our conclusion therefore is, -that the unlawful and wrongful conversion and use of land, against the will of the owner, and under such circumstances that he is not prevented or estopped from recovering possession, will not entitle such owner, while the title still remains in him, to maintain an action to recover a judgment for the value of the land, and to an order of sale of the same to pay the judgment; aud that, in such case, the owner has his election, to proceed under the 21st section of the act of 1872 (69 O. L. 95), to recover the compensation and damages to which he is entitled to under the constitution, or by action for the unlawful entry and possession, to recover the possession and damages for use and occupation.
Whether the owner might, under such circustances, tender a title to the corporation, and maintain an action for the value, and charge it upon the land, in case of an insolvent corporation, when the land had been so changed by the corporation as to destroy its value to the owner, we need not here determine. This might depend on equitable ■considerations not involved in the present case.
The judgments of the court of common pleas and the ■district court are reversed and cause remanded for further proceedings according to law.