TaubiE, J.,
dissenting.
This case is one brought in the probate court for appropriation or to compel the appropriation of property by the plaintiff in error, and the facts disclosed are that the property was taken wholly into the possession of the railroad company and a road built and constructed there in 1873 and wks thereafter continuously used by the company.
This proceeding was. commenced in 1885. The court ruling that the value of the property, that is the damages to be assessed to the plaintiff in the proceeding was to be assessed .as of the date of the commencement of the proceeding, and not as claimed by the railroad company as of the date of the possession taken. This, by a majority of the court, is affirmed and in a very few words I will state why upon this proposition I cannot concur in that opinion. I do not dissent from any other proposition held in the case except this. While I have doubts upon the propriety or competency of introducing the plat in evidence, I am not so sufficiently pronounced in my opinion as to dissent from the holding of the court upon that proposition, and I dissent only upon this, and I do it, first, because the time of injury and the assessment of damages must be fixed and certain and not fluctuating; and it is to be, in a class of cases like this, one of three times. It must be either *641 at the time of the act done of taking possession of the property, ■ or it must be at the time of the commencement of proceedings, or of the-trial. The court establish that it shall be at the time • of the commencement of the proceedings, twelve years of the time intervening between the time of the act of taking possession arid the time of the commencement of the proceedings.
Now, as I have said, the time for the compensating of dam- ■ ages must be fixed and certain; it cannot be fluctuating at the will or. election of plaintiff. He cannot elect or take the time - of the commencement of proceedings for it instead of the time •of the injury, because of the rise in value of the property and therefore an increase to him of damages or the amount to be awarded to him. It is not at his election; it must be fixed and certain.
On the other hand had it deteriorated in value, if, for instance, it had run from ten thousand dollars down to one thousand, the railroad company could not compel him to forego full compensation for the injury which he sustained at the time, because he is entitled to full compensation for all the injury which the act caused him; ■and in this way it is simply robbing him if the land was worth ten thousand dollars at the time it was taken and only one thousand at the time the proceeding was commenced. The time must be fixed and determined and it should be at the time ■of the injury or of the act of taking possession.
Secondly, because generally the time for the assessment of ■damages, is when the injury is full, complete and perfect. In this instance the injury was full, complete and perfect when the company took possession of his lands and built their road upon it, which was said to be in 1873. This would sáy then that the act was done in 1873, which caused this injury and the damages ought to be assessed as of that injury and as of that time. That is the general rule, and any delay in paying the compensation is to be in law compensated for by the payment or allowance of interest.
Again, third, he has approved and confirmed the act of the company and waived the tort. He has confirmed the act of appropriation in fact in 1873, and having thus confirmed the *642 act, which the company did in 1873 in taking his land, that is thé time to be fixed for assessing its value.
Fourth/ because the damages belonged to the owner of the land at the time of its taking. This is perfectly well settled, that where land is taken actually and invaded by a railway company, taken into its possession, work done upon it and track built upon it, the injury is to the then owner of the land, and of course the compensation belongs to him and it does not pass to or vest in the grantee, subsequent grantee or owner of the land unless it has been sold or transferred to that grantee specifically. The grantee buys the land afterwards with the railroad upon it at a diminished value and pays that much for it, and the owner from whom it was taken receives that much less for it. His property has been taken from him and it is to him the compensation goes. If the rule established by the majority of the court is to prevail it does not go to the owner of the land at the time of its taking, but to the owner of the land at the time of the commencement of the proceedings, which would be a violation of all known principles of law. A conveyance of land with incumbrance upon it, conveys it just in the condition which it is in. Hence, too, I say that the construction, as put upon it by a majority of this court, of this-statute is too broad for this reason, it would give the right to-compel a railroad company to appropriate land in this instance-to the then owner although he did not own it at the time the company took the land, and to be responsible to the original' owner and to be responsible also to the party who never purchased the chose in action or right.
Again, the railroad company enters upon the possession of a man’s land without any writing, no written contract, but with the understanding that they .shall pay to him a reasonable compensation for it. There is nothing in writing, but they enter with his full consent and with the understanding that they shall pay reasonable compensation for it. If he subsequently sells-the land, does he transfer the title to the grantee? Nobody claims it, but if he does, the subsequent grantee, -the now owner, would compel it because he can show the company is in possession'without having legally appropriated and paid for it and not holding it by any written contract with the owner.
*643 There is still more in the act that the petitioner alleges, to show that it has neither legal nor equitable title and it is in the possession of that company; it has equitable title because it cannot be dispossessed.
Again, fifth, because the statute of limitations runs from the time of ¡the injury committed. If these parties wait for twenty-one years from the time when full and complete possession is taken of the lands their remedy is gone. The statute of limitations runs from the time of the injury, the time of taking possession by the railway company of the land of the owner. This, if it needs illustration, is illustrated by the doctrine laid down in Platt v. Railway Co., supra, that the party may sue a railroad company; not as stated in Atlantic & G. W. Ry. Co. v. Robbins, supra, for the conversion of real estate had in taking the land in actual appropriation. He retains the title in fee and all the railroad company gets is an easement. He may sue for damages, and the rule of damages is the value of the property taken and the injury done to the adjacent property precisely as upon an appropriation. That is established by Platt v. Railway Co., supra, and it follows the doctrine in the Goodwin v. Canal Co., 18 Ohio St., 169, [98 Am. Dec., 95], which decision was announced before the passage of the act that where a landowner stood by and allowed the land to be taken and a road built upon it, he could not contest the right of the company; all -that remained was compensation, so the fact comes that he may have such a remedy at law. I say the statute of limitations commencing to run from that time shows the injury from then, and damages must be assessed from that date of the injury, and for any delay interest must be given.
For these reasons I cannot concur with the majority of the court.