CENTRAL TRUST CO. v. VALLEY RY. CO. et al.

(Circuit Court, N. D. Ohio, E. D.   January 2, 1897.)

RAILROAD COMPANIES—EMINENT DOMAIN—JUDGMENT FOR LAND APPROPRIATED
   —LIEN.
   A judgment under Rev. St. Ohio, § 6448, for the value of land appropriated by a railroad company, in favor of a landowner who has failed to take proceedings to prevent the construction of the road over his land, or to obtain compensation, is not a lien on the land.

Doyle & Bryan, for Apolonia Orth.
Kline, Carr, Tolles & Goff, for defendants.

SEVERENS, District Judge.  In this matter the petitioner prays that she may be declared entitled to a lien upon the property of the said Valley Railway Company for the amount of the judgment recovered by her against the above-named defendant, the Valley Railway Company, on the 12th day of April, 1890, in the probate court of Summit county.  It appears that this judgment was recovered for certain real property appropriated by the said railway company, belonging to the petitioner, which had been appropriated and used for some time by the railway company, prior to the date of the recovery of the above-mentioned judgment.  The proceedings for the condemnation of property for railway purposes, where such condemnation takes place before the appropriation of the property, and also where the property has been appropriated before condemnation, are regulated by the statutes of Ohio relating to that subject.  The effect of the statute has been construed by the supreme court of the state, and such construction is binding upon, and must be followed by, this court.  By the decisions of the said supreme court in the cases of Goodin v. Canal Co., 18 Ohio St. 169, and Railroad Co. v. Robbins, 35 Ohio St. 531, it would seem that the petitioner, by failing to take proceedings for the purpose of obtaining compensation or preventing the construction of the railroad over her land, is estopped from asserting any other remedy than that provided by the twenty-first section of the act of 1872 (69 Ohio Laws, 95; Rev. St. § 6448), whereby she might have the value of her land ascertained by a jury, and obtain a judgment for the value thereof, to be collected by execution.  By this proceeding the judgment is not made a lien or a charge upon the land, and there remains to the owner only the right of compensation.  It is only necessary here to decide that under the twenty-first section of the act, upon which judgment was recovered, she still retains her title, and it would be incongruous that one should have a lien upon his own land.  Doubtless the title remains in her, but she may be precluded from asserting that title upon the grounds stated in the first of the above-mentioned cases.  I think, therefore, that this petition must fail, and that judgment must be entered disallowing the same.