(Court of Common Pleas, Franklin County, Ohio.)

## CHARLES E. MEISSE ET AL. v. JAMES M. LOREN ET AL.

(Charles E. Meisse, who sues on his own behalf, as well as on behalf of each and all of the creditors and depositors of the Fifth Avenue Savings Bank, and Mary E. Thomas, who sues on her own behalf as well as on behalf of each and all the stockholders of said The Fifth Avenue Savings Bank v. James M. Loren et al, Directors of said Bank, and John Field, Receiver of said Bank.)

*An action by depositor and stockholder of an insolvent bank against directors for negligence, asking for an accounting, an equitable action—Need not be separately stated and numbered—Directors of savings banks trustees for depositors and stockholders—Distinction between American and English doctrine as to liability of directors to same—Rule in Ohio.*

Where an action, brought by a depositor on his own behalf, as well as on behalf of all the creditors and depositors of a savings bank, and by a stockholder on his own behalf as well as on behalf of all the stockholders of the same bank, against the directors, charging them with misfeasance in office, negligence in attending to the business of the bank entrusted to them, thereby causing a loss to said depositors and stockholders to the amount of $105,000.00, and asking for an accounting that their claims for damages may be paid:

Held: First, that the property of the depositors and stockholders in the bank is a trust fund, and the directors are trustees of that fund, and are responsible to said depositors and stockholders, if by their negligence and mismanagement it is wasted.

2. Such directors and officers can be called upon by such depositors and stockholders to account in a court of equity for losses occasioned by their misfeasance in the management of the business of the bank.

3. That the doctrine that the capital stock and other property of a corporation is a trust fund for the payment of the debts of the corporation, is followed by the American courts and the courts in Ohio, though not by the courts of England.

4. That the causes of action are equitable, and need not be separately stated and numbered.

——————        January 18, 1897.

On motion to require plaintiffs to separately state and number causes of action in the petition.

DUNCAN, J.

This is an action brought by Meisse and others against James M. Loren and others, who were officers and directors of the Fifth Avenue Savings Bank.

The plaintiff in this petition represents creditors and stockholders. It is an action brought on behalf of the creditors and stockholders of the bank against the officers and directors of the bank, charging them with misfeasance in office; charging that, on account of their negligence in attending to the business entrusted to them that the assets of the bank depreciated to such an extent that it became insolvent, and that they are the losers, and they are asking here for an accounting; so that their claims for damages may be paid.

To this petition a great many motions have been filed, and I have gone over them all and examined them as carefully as I could under the circumstances, and I find that a great many of them are frivolous. A great many of the motions are to strike out certain parts of the petition, and also to make definite and certain.

I find that the most important motion is the second one, and that motion is this: Said defendants further move the court to require the plaintiff to separately state and number the alleged causes of action in such amended petition.

The question arises now, as to whether or not there is more than one cause of action stated in this petition, and this depends on the question as to whether the directors and officers of a bank are trustees for the depositors and stockholders, and whether they can be called upon to account in a court of equity for misfeasance in the management of the business of the bank.

There is a distinction between banking corporations and other corporations for profit. In the one, a party deposits his money, most frequently without any reward, simply for the purpose of safe keeping, relying implicitly upon the business management and integrity of the directors of the bank, without any hope of reward from it. There is considerable conflict in the decisions on this question, as to whether the directors of a corporation are trustees. The conflict is not so great in the decisions relating to banking corporations as in those relating to other corporations. Much of the trouble grows out of what is called the American and English doctrines, the former holding that the directors of corporations are trustees, and the latter that they are not.

It is a favorite dictum of the American courts that the capital stock and other property of a corporation is to be deemed a trust fund for the payment of the debts of the corporation, so that the creditors have a lien or right of priority of payment on it in preference to any of the stockholders of the corporation. Thompson, Liability of Stockholders, section 10; 3 Mason, 308.

The decision in the 3rd Mason was rendered by Justice Story in 1824, in the Circuit Court of the United States, in Maine. The suit was by creditors against the stockholders of a bank for misappropriating the funds of the bank, to-wit: appropriating it to themselves without paying the debts. It was held by Justice Story that the capital stock was a trust fund for the payment of the bank notes, and might be followed into the hands of the stockholders; that a bill in equity might be maintained by some of the holders of the bank notes against some of the stockholders, the impossibility of bringing all parties before the court being sufficient to dispense with the rule of making all parties in interest parties. * * * The bill holders and other creditors have the first lien on the capital stock, and the stockholders have no rights until all the other creditors are satisfied. * * * The doctrine of following trust funds into the hands of any persons who are not innocent purchasers and do not otherwise possess superior equities has been long established.

Thompson on Corporations, section 4150, says the capital stock of a corporation is a trust fund for its creditors. He says this doctrine originated in this country with Justice Story, 3 Mason, 308. He says it is contrary to English doctrine, but that the American courts have adopted it.

The capital stock of a corporation contributed or agreed to be contributed by its stockholders, is in equity and as to creditors deemed a trust fund, charged with the payment of the debts of the corporation, and must be treated as such by the corporation. Beach on Private Corporations, section 113; 91 U. S., 60; 7 Bevan, 1176; 25 Alabama R., 566-611-612.

The Supreme Court of this state 46 O. S. 493, recognizes this doctrine. Judge Williams, in rendering the opinion of the court, cites a great many of the leading cases with approval. Counsel representing these motions have cited 50 Ohio St., 151; 48 Ohio St., 66, and 47 Ohio St., 503.

The decisions in none of these cases are in conflict with that announced in 46 Ohio St., 493

Judge Williams wrote the opinions in the 50 and 48 Ohio St., and he certainly did not intend to, nor has he, destroyed the decision in the 46th Ohio St.

Judge Williams recognizeds that there is a conflict of authorities on the question as to whether the capital stock and assets of a corporation are a trust fund for the benefit of its creditors. After citing and commenting on a number of the leading cases, citing also the 3rd Mason, 311, which has been criticized by some authors, Judge Williams, uses this language: "Since the case of Wood v. Dummer, 3 Mason, 311, where Mr. Justice Story is said to have first formulated the doctrinee, it has been generally accepted, and is sustained by the highest authority."

Judge Williams concludes by saying: "Without extending the discussion, we are of opinion that where a corporation for profit, organized under the laws of this state, becomes insolvent and ceases to carry on its business or further pursue the purposes of its creation, the corporate property constitutes a trust fund for the equal benefit of the corporate creditors in proportion to the amount of their respcetive claims."

Mr. Beach, in his work on Private Corporations, section 116, uses this language: "This is an American doctrine, being first annunciated by Mr. Justice Story, and since his day has been repeatedly expounded and firmly established in the jurisprudence of the American states," citing a long list of authorities.

If the assets are a trust fund, then the directors, officers or any other persons into whose hands any of the fund has passed, except bona fide purchasers for value, may be called upon to account in a court of chancery, either by the creditors or the stockholders, or by both.

The managers of a savings bank stand in the relationship of trustees to the depositors, so that the statute of limitations will not be a bar against a charge of mismanagement on their part.

Although such managers are unpaid, they are to be held liable for the want of ordinary care and diligence in the management of the affairs of the institution.

A long and systematic violation of the directions of the charter by the president and committeemen is prima facie presumption that such course of misconduct was known to the managers, and the latter cannot demur to the bill on the ground that such misconduct is not traced to them. 40 N. J. Eq., 189.

The court in this case holds that there is a direct trust between the depositors and managers.

Directors of a corporation are responsible to the stockholders for losses from fraud, embezzlement, willful misconduct, breach of trust, gross inattention or negligence, by which fraud has been perpetrated by agents, officers or co-directors. 71 Penn. St., 11.

This was an insurance and trust company. The relation between depositors and directors of a savings bank is that of a cestui que trust. They are bound to exercise care and prudence in the execution of their trust, in the same degree that men of common prudence ordinarily exercise in their own affairs. 82 N. Y., 65.

Directors of a bank are not merely agents, but are as well trustees for the bank, the stockholders and the depositors, and to each they owe duties, for a violation of which the law will hold them liable. 17 Ill. Appeal, 531.

The officers of a bank hold to stockholders, depositors and creditors, the relation of trustees to cestuis que trust, and as such are personally responsible for frauds, and losses resulting from gross negligence and inattention to their trust duties. 85 Virignia, 676.

This was a suit brought by a depositor on behalf of himself and all other depositors to reduce into possession and distribute among said creditors the assets of the bank, and to charge the individual defendants, who were the officers and directors of said bank, with the difference between the assets and liabilities of the said bank.

4 Thompson on Corporations, section 4572, says that the stockholders should bring the suit on behalf of themselves and the creditors, as they are both interested in the result of the suit. He cites 19 Atl. Rep., 968: "The directors of a corporation are the custodians of a fund which American courts of equity have impressed with the character of a trust fund for the security of creditors. The directors are not trustees for the creditors in the sense, however, in which an agent is trustee for his prin-

cipal, and hence are not liable to them for mere nonfeasance, but only misfeasance. But they areliable to the creditors of the corporation, where their wrongful acts have resulted in diminishing the fund to which the latter have a right to look for the payment of their claims." Beach on Corporations, section 257.

The complaint in the case at bar is that the directors, by their negligence and wrongful acts, permitted the funds of the bank to be diminished, used to pay the debts of another.

It is conceded that the stockholders may proceed against the directors in equity for an accounting.

If the fund is a trust fund to pay the debts of the corporation, why may not the creditors also proceed against them in the same court?

"The note holders of a foreign banking corporation, which has suspended payment and become insolvent, may, without first obtaining judgment at law, proceed in equity against the bank, its directors, stockholders and agents; charging them with fraud and misapplication of the assets, and seeking a discovery and account. Such a bill may be maintained under the general powers and jurisdiction of the court, which regards the capital stock of the company, and all its assets, as a trust fund for the payment of its creditors, and the directors, stockholders and agents as trustees." 25 Alabama, 566.

On page 611 in this case the judge says: "It is beyond doubt that the directors of a banking or other corporation are, in the management of its affairs, only trustees for its creditors and stockholders, and are bound to administer its affairs, according to the terms of its charter, and in good faith. If they fail in either respect, they are liable to the party in interest who is injured by it for a breach of trust, and may be made to account with him in a court of chancery."

"The managing director of a bank withdraws its funds to a very large amount without security and uses them in his private business, in consequence of which the bank becomes insolvent. This is such a fraud upon the creditors of the bank as renders the directors liable to account in equity for the amount so withdrawn." Thompson, Law of Corporations, section 4153.

An action brought by a stockholder of a bank on behalf of himself and other stockholders against its directors, to call them to account for losses and damages sustained by the bank because of misconduct and negligence on their part in the discharge of their duties, is an equitable action wherein the defendants are not entitled, as matter of right, to a trial of the whole issues by jury. 105 N. Y., 567..

The case cited by counsel for defendants in 150 U. S. Reports, 371, Hollins v. Briersfield Coal & Iron Co., at first blush seems to be in conflict with the American doctrine, and to some extent to have adopted the English rule; but upon close examination I think it can easily be distinguished from the other cases. Justice Brewer says in the opinion: "The plaintiffs were simple contract creditors of the company; their claims had not been reduced to judgment, and they had no express lien by mortgage, trust deed, or otherwise. It is the settled law of this court that such creditors cannot come into a court of equity to obtain the seizure of the property of their debtor, and its application to the satisfaction of their claims; and this, notwithstanding a statute of the state may authorize such a proceeding in the courts of the state. The line of demarkation between equitable and legal remedies in the federal courts cannot be obliterated by state legislation."

The Judge concludes by saying: "Neither the insolvency of the corporation, nor the execution of an illegal trust deed, nor the failure to collect in full all stock subscriptions, nor, all together, gave to these simple contract creditors any lien upon the property of the corporation, nor charged any direct trust thereon."

Judge Brewer is dealing with simple contract creditors, as he denominates them, as distinguished from judgment creditors.

In this state, if the corporation has become insolvent, has ceased doing business, made an assignment, it is not necessary for a creditor to reduce his claim to judgment before he can proceed in equity. 46 Ohio St., 1.

The decision by Justice Brewer is in conflict with the decision of Judge Williams in 46 Ohio State, 493, in many particulars. Judge Williams recognizes the American doctrine. Justice Brewer leans to the English doctrine. Judge Williams holds that an insolvent corporation cannot prefer creditors. Justice Brewer, if he recognizes the doctrine of preferring creditors by individuals, must hold otherwise than Judge Williams as to corporations. Justice Brewer says, as between the corporation and creditors, the former is simply a debtor and does not hold its property in trust or subject to lien in their favor, in any other sense than does an individual debtor. An individual debtor may prefer creditors; therefore, according to Justice Brewer a corporation may prefer creditors. The Supreme Court of Ohio says not. It says, (46 Ohio St., 501). "It is obvious that the corporate property cannot with propriety be said to be owned by the corporation, in the sense of ownership, as applied to property belonging to natural persons. The latter may, without restriction, acquire and dispose of property for any lawful purpose, while both the power of acquisition and disposition of the former are limited to the special objects already mentioned. The corporate property is, in reality, a fund set apart to be used only in the attainment of the objects for which the corporation was created, and it cannot lawfully be diverted to any other purpose. As soon as acquired it becomes impressed with the character of a trust fund for that purpose and the shareholder or creditor may interpose to prevent its diversion from the objects of the incorporation, injurious to him."

It is the right of the creditors equally with the shareholders to have the corporate property applied to the purposes for which the corporation was created, and this includes the payment of the corporate indebtedness contracted in the prosecution of the business. The rights of the creditors to the corporate property, so far as it is necessary, to meet their demands are superior to the rights of the stockholders.

Story, section 1252a, on Equity Jurisprudence, says, speaking of implied trusts: "It is upon a similar principle that the property of a corporation is held by its officers in trust, to be applied to the discharge of the legal debts of such corporation, that courts of equity have interposed to restrain such officers from applying it to any illegal purpose, and to compel restitution when any such illegal applicaiton has been made. Thus, in a recent case in Massachusetts, it was held the courts of equity could decree against the treasurer of a town the payment into the treasury of a sum of money which he had illegally paid out to sundry parties for obtaining the act of incorporation."

The plaintiffs in the case at bar are asking that the directors pay the money they suffered to be paid out on the debts of the old bank, and that they otherwise allowed to be misapplied. The doctrine above stated is recognized by 2 Pomeroy Eq. Juris., section 1046.

As a general proposition, the property of a corporation is a trust fund for the benefit of its creditors and stockholders and they may in all cases, where it has been fraudulently or wrongfully disposed of by the directors, pursue it into the hands of purchasers with notice and assort their lien upon it or their claim for its value. 18 Ohio St., 169.

The cases cited in the U.S. Court, 102 U. S., 148; 114 U. S., 587; 133 U. S., 534 and 150 U. S., 371, proceed upon the theory that the property of a corporation is not a trust fund; that the corporation owns it and can dispose of it the same as an individual, which is contrary to the doctrine held by most of the state courts, and particularly the Ohio courts.

If the directors are trustees for the creditors as well as stockholders, then they may either or both prosecute an action for an accounting.

There is but one cause of action stated in this petition. (If there be a misjoinder of parties plaintiff or causes of action, that is a matter to be reached by demurrer, and not by motion.)

The motion to separately state and number will be overruled.

Kinkead & Merwine, Voorhees & Voorhees, R. M. Voorhees and George K. Nash, for plaintiffs.

Harrison, Olds & Henderson, J. E. Sater and Booth & Keating, for defendants.