Hitchcock, C. J.
It appears from the bill of exceptions that on the trial of this case James E. Price, a collector of tolls upon the Hocking Yalley Canal, and who instituted this suit, in the name of the state, before a justice of the peace, from whose judgment it was appealed to the court of common pleas, was introduced as a witness on the part of the state, and was objected to on the part of the defendant, on the ground that he was interested in the event of the suit. This objection was overruled by the court, and the witness permitted to testify. It is claimed by the plaintiff in error that, in this, the court erred; and the only question now presented for consideration is, whether, in fact, this witness was so far interested as to be incompetent.
It is said by Greenleaf, in his Treatise on Evidence, vol. 1, see. 386, that the interest which disqualifies a witness “ must be some legal, certain and immediate interest, however minute, either in the event of the cause itself, or in the record, as an instrument of evidence, in support of his own claims, in a subsequent action.” In the next section it is said, “ The interest, too, must be real, and not merely apprehended by the party.” Again, in the 390th section, it is said, “ the true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will .be legal evidence for or against him, in some other action. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent.” I suppose these principles to be in accordance with the law, and, keeping them in view, will proceed to examine the case.
*92 Before doing this, however, it may be proper to remark that, by the canal laws, it is made the duty of any “ lock tender, col lector, superintendent, engineer, or acting commissioner,” to commence suit, in the name of the state, against any person who may have violated the provisions of those laws, to recover the penalty incurred by said violation. From this it is apparent that Price, the witness, was not a mere volunteer, in instituting the prosecution which is now the subject matter of inquiry. He instituted that prosecution in pursuance of a duty imposed upon him by statute.
It is not claimed by the plaintiff in error that Price had any “ legal, certain, and immediate interest in the event of the cause itself,” in which he was offered as a witness. But it is claimed that the judgment in that case might be evidence for or against him in a suit which by possibility might be subsequently prosecuted against him. The disqualification urged grows out of the provisions of the 135th section of the “ act for the protection of the canals,” etc. Swan’s Stat. 199.
This section provides that “ if any collector, superintendent, acting commissioner, engineer or other person, shall commence any suit or institute any other proceedings under the provisions of this act or any order of the board, and judgment shall be rendered for the defendant in such suit or other proceeding, or discontinued without the consent of the parties, such collector, superintendent, acting commissioner, engineer or other person commencing such suit or other proceeding, shall be liable to the defendant, or any other person interested therein, for all costs, hindrances, delay, and other damages sustained thereby, to be recovered by action on the case, in any court of competent jurisdiction, unless the court or jury, as the case may be, shall be satisfied by evidence produced by the defendant, in the action brought for the recovery of such damages, that there was probable cause for commencing and carrying on such former suit or other proceeding.”
The object of this section is apparent. It having been provided that certain persons in the employ of the state, and charged *93 with certain duties connected with the state canals, should in certain cases institute prosecutions against individuals for violating the canal laws, it was deemed essential that provision should be made to guard against abuse, and to protect individual rights. Therefore it is enacted, in substance, that if any agent of the state, or any other person, shall, without any probable cause, institute a prosecution under those laws, he shall be liable to an action on the case at the suit of the party aggrieved, whether the party so aggrieved was a party to the original prosecution or not; and in such action, the plaintiff is entitled to recover “for all costs, hindrances, delay and other damages sustained thereby.” The prosecutor is not charged with the cost in the original suit by the judgment in that case. Whether he shall be made liable or not, depends upon a subse-. quent prosecution. True, in such subsequent suit, the judgment in the original case might be given in evidence, but that judgment would not of itself render the prosecutor in the original suit liable. His liability depends upon the question whether or not there was probable cause ; hence, this fact must be ascertained from all the evidence in the case. If Price could in any shape be considered as interested in the event of the case in which he was called upon to testify, it was not a “ present, vested, and certain interest,” but “ an interest, uncertain, remote and contingent.” Interest of this latter character is not of that description for which, according to the principle cited from Greenleaf, a witness can be excluded.
The character of the action authorized by the 135th section of the canal laws, assimilates itself very much to the common law action for a malicious prosecution. Now no one ever supposed that the prosecutor in a criminal prosecution should be excluded from testifying, because, perchance, if the prosecution failed, he might be sued for a malicious prosecution. True, if such suit should be commenced, the judgment of acquittal would be an item of evidence in the case. But still, any interest which the prosecutor might be supposed to have on this account, would be too “ uncertain, remote and contingent,” to *94 exclude him from testifying. It is the same in the case before the court, with respect to any supposed interest of the witness Price.
In the opinion of the court, there is no error in the record before us, and the judgment of the court of common pleas is therefore affirmed, with costs.