White, C. J.
The only question raised in this case is as to the rule by which the owner is to be compensated for ground taken and used by the city in making the slope to-support the street. ■
No question is made against the right of the city to the use of the ground for the purpose. The ground appears to have been regarded on the trial, as finally appropriated by the corporation for such purpose, subject to its liability to make due compensation therefor. The case is treated by the parties, and was so treated by the court below, as coming within the principle determined in Hatch v. The Cincinnati Railroad Company, 18 Ohio St. 93; and the only-question now in controversy is, whether the rule of compensation is the full value of the ground in fee-simple.
The rule ought to be the same as would be applied where the assessment is made by a j ury, in a special proceeding, instituted under the statute, for the purpose. Whether- *279 the amount of the owner’s recovery should be the full value of the property, depends upon whether he has been deprived of the whole. It is the property of which he has been deprived by the public, for which he is entitled to be compensated; and his recovery should be neither more nor less-than a compensation for what has been taken.
Section 507 of the municipal code invests the city with power to appropriate, enter upon and hold real estate within its corporate limits for the purpose, among others, of opening, widening, straightening, and extending streets, alleys, and avenues; but provides that no more shall be taken or appropriated than is reasonably necessary for the purpose to which it is to be applied.
Section 509 declares that the terms “ land ” and “ real estate ” shall be regarded as including rights and easements of an incorporeal nature.
By section 512, it is provided that when it shall be deemed necessary to appropriate private property to public use, “ the council shall, by resolution, declare such intent, defining therein the purpose of the appropriation, and setting out a pertinent description of the property designed to be appropriated.”
The application made to the court or judge, for the assessment of compensation for the property appropriated, is required to be in writing, and to describe as correctly as may be the property to be taken, and the object for which it is taken.
Where a street is to be made at an elevation above the natural surface of the ground, it is clearly competent for the corporation, under these provisions, to appropriate the right to use so much of the abutting property as may be necessary to furnish the requisite lateral support to the street. Such use constitutes a mere easement in the abutting property, and does not divest the owner of his general dominion over it. He may still use it for all purposes not inconsistent with the special purpose of furnishing the necessary support to the street.
In' some instances, such use may, owing to the peculiar *280 conformation of the land, be equivalent, substantially, to divesting tbe owner of the fee. But in others it may increase the facilities of the owner for using the land, and in fact enhance its value. True, the compensation must be assessed without deduction for benefits. But, as already remarked, the owner is entitled to be compensated only for such rights as have been taken from him by the public. And where he stills retains substantial rights in the property, he can not insist on their value being included in the measure of his compensation.

Leave refused.