## GRAFTON *v.* B. & O. R. Co.[1]

### ZWEIG *v.* SAME.[1]

*(Circuit Court, S. D. Ohio. July, 1884.)*

1. LAYING RAILROAD TRACK IN PUBLIC STREET—MEASURE AND EFFECT OF RECOVERY BY ABUTTING LOT-OWNER.

    Where a railroad company had, by consent of the municipal authorities, laid its track upon a public street, and such occupancy permanently obstructs the use of the street, not only by the public, but also by the occupiers of abutting lots, in an action by the owners of such abutting lots against the railroad company for damages, *held*, that they were entitled to recover full compensation for the depreciation in the value of their property caused thereby. In estimating the damages the same standard was to be applied as in direct proceedings by the railroad company to condemn for its use the private right of such owners in the street. A recovery in this action will estop the owners from claiming that such occupancy was without their consent, and that full compensation had not been made for it.

2. SAME.

    Sections 3283 and 6448, Ohio Rev. St., upon the subject, construed.

Motions for New Trials.

*John W. Herron* (of Cincinnati) and *Cowen & Smith*, (of Bellaire,) for plaintiffs.

*Hoadly, Johnson & Colston* (of Cincinnati) and *J. H. Collins*, (of Columbus,) *contra*.

MATTHEWS, Justice. These cases have been submitted on motions for new trials, based upon an alleged error of law in the charge of the court to the jury. The plaintiffs are respectively owners in possession of lots of land abutting on a public street in the incorporated village of Bellair, in Belmont county. The street in front of their prem-

---

[1] Reported by J. C. Harper, Esq., of the Cincinnati bar.

ises, and elsewhere, has been and is occupied by the defendant, under an agreement to that effect with the municipal authorities, for the track of their railroad, the superstructure of which is laid upon stone piers, built in the street, and which permanently obstructs its use, not only by the public, but by the occupiers of adjacent lots, rendering the access to them less beneficial, and, as is alleged, seriously and substantially impairing the value of the property. The object of these actions was to recover the damages thereby occasioned.

On the trial the court rejected the offer of evidence tending to prove a depreciation in consequence of this occupation of the street in the value of the lots for purposes of sale, and in its charge to the jury limited the right to the recovery of damages to the diminished rental value of the premises calculated to the date when the action was brought, instructing the jury to make no allowance for any loss arising from a depreciation in the price at which the property would sell. The reasons on which the correctness of this ruling of the court is maintained, as stated in the charge itself, are two. They both involve a construction of section 3283, Rev. St. of Ohio. That section authorizes a railroad company and a municipal corporation to agree "upon the manner, terms, and conditions upon which the former may use and occupy, for the purposes of its railroad, the public streets of which the latter has charge, and provides that in case of disagreement the railroad company may appropriate so much of the street required as may be necessary, "in the manner and upon the same terms as is provided for the appropriation of the property of individuals," and adds the following: "But every company which lays a track upon any such street, alley, road, or ground, shall be responsible for injuries done thereby to private or public property lying upon or near to such ground, which may be recovered by civil action brought by the owner, before the proper court, at any time within two years from the completion of such track."

1. It was considered by the court in its charge to the jury that the limitation of two years, prescribed by the statute for bringing actions for injuries referred to, proceeded upon the supposition of successive actions for such injuries as they might arise, and therefore contemplated a recovery in each case of such damages only as should be actually realized from them during the period limited by the bringing of the action in each case. But this construction is arbitrary, not founded on any sufficient reason, and not reconcilable with the plain and literal reading of the section. The statute does not by its terms limit the right of recovery to any particular class of injuries, but declares the right to recover for all; it rather contemplates one action to embrace them all, than many in succession, as the injurious consequences arise; and appears to limit the right to sue to a period of two years from the completion of the work, as if that was a reasonable time within which the whole injury in all its consequences would be fully, at least sufficiently, developed, to furnish a

reasonable and satisfactory basis for estimating the compensation which ought to be paid. At any rate, there does not appear to be any ground, in the words or intention of the act, for a distinction between temporary injuries to the use, and permanent injuries to the value, of the property injured; and, in the absence of any ambiguity, the statute must be taken to mean what it plainly says; and, there being no sufficient reason to the contrary, must be so construed that the railroad company, in the case contemplated, shall be held responsible for all injuries of every description done by its work to the property of the plaintiffs in the action. It is not necessary to consider whether more than one action could be maintained, if brought within the period of limitation; for it is enough to say that no damages could be the subject of a second or subsequent action, which were embraced in a former recovery.

2. It was, in the second place, considered by the court, that as by the settled law of Ohio, which, of course, is the law to be administered by this court in these cases, the plaintiffs may by section 6448, Rev. St., require the railroad company to appropriate their right of property in the street, and thus obtain compensation for being deprived of it, they are not at liberty to recover the same compensation in these actions; more especially for the reason that in the proceeding for appropriation the railroad company obtains, for the compensation it may be required to pay, an equivalent, in being confirmed in the right to use the property appropriated, while a recovery in the present actions leaves them still without title to the use which they have wrongfully taken, and subject to further proceedings under section 6448, by which they might be compelled to make the same compensation a second time. An examination, however, of the language of section 6448, shows that it is limited to cases where the railroad corporation has taken possession of and is occupying or using the land of another; language that does not, at least, most aptly describe the incorporeal right of an adjacent lot-owner in the public street on which it abuts, although, possibly, it may be held to include it. Nevertheless, it does not appear that section 6448 was intended to any extent to displace the remedy expressly given by section 3283, or to modify its extent and application. The two are quite consistent, and may both stand as furnishing to the private proprietor an election of remedies. He cannot have both, either concurrently or in succession; and a recovery under section 3283 for all injuries done to his property by the occupancy complained of, would estop him from claiming, under section 6448, that such occupancy was without his consent, and that full compensation had not been made for it.

This conclusion is not inconsistent with the decision of the supreme court of Ohio in the case of *A. & G. W. R. Co.* v. *Robbins*, 35 Ohio St. 531. It was there held that "the owner of land which has been unlawfully and wrongfully taken and appropriated to its use by a corporation authorized by law to appropriate land, cannot maintain an

action for the value of the land so taken and appropriated, and also damages accruing by reason of such taking and appropriation, if the circumstances are such that he may recover the land itself." It is manifest that this rule cannot apply to cases like the present, where the property taken is the special interest of the lot-owner in the adjoining street, for the reason expressed in the first qualification, because the circumstances are such that he may not recover the property taken. The railroad company, by agreement with the municipal authorities, acquires the right as against the public to the use of the street for its purposes; and, although that gives no right as against the adjacent lot-owner, neither is the case one where the latter, consistently with the rights of the railroad company, can recover *in specie* the individual property right sought to be subjected to the use of the railroad. The alternative to which the adjoining proprietor is limited is either by injunction to prevent the railroad company from the occupation of the street, under the license from the public authorities, until it has made compensation for the threatened injury to private rights, or to prosecute the action for damages given by section 3283. It is not a case where there could be any recovery of possession, for the thing taken is incorporeal.

That the action for damages occasioned by the conversion of the street to railroad uses embraced in such cases full compensation for the private right appropriated as would be estimated in direct proceedings for that purpose, was distinctly held in *Hatch* v. *C. & I. R. Co.* 18 Ohio St. 92, and was recognized in *Railroad Co.* v. *Cobb,* 35 Ohio St. 94; in *Railroad Co.* v. *Williams,* Id. 168; in *Railroad Co.* v. *Mowatt,* Id. 284; and *Ry. Co.* v. *Lawrence,* 38 Ohio St. 41; and the right in such a case to recover for permanent injury to the adjacent property was distinctly decided in *L. M. R. Co.* v. *Hambleton,* reported in supplement to Weekly Law Bulletin, vol. 11, p. 100, to appear in 40 Ohio St.

It follows from these views that the charge of the court was erroneous in not permitting a recovery for injury done by the occupation of the street by the railroad company to the premises of the plaintiffs, resulting in the permanent depreciation in value, and for that reason the verdicts are set aside and new trials granted.