Beer, J.,
(Orally.)
Joseph Ralston, the plaintiff in error, filed his petition in the Court of Common Pleas of this county against John Mc-Nultaj as receiver of the Wabash Railway Company, in which he avers that he is the owner of lot No. 16 in the city of Defiance, which is bounded on the East by the railroad company’s right of way, on the North by a street called Brunersburg road, which has been for more than fifty years a public highway, much traveled; that prior to the committing of the grievances complained of the said lot had upon it a dwelling house and other structures. In 1888 and 1889 the defendant, while acting as receiver, caused to be constructed upon said street, over its railway, a very high bridge, and caused to be constructed approaches thereto in said street, which of necessity required a very high embankment in front *331 of plaintiff’s lot, thereby greatly obstructing plaintiff’s means of access from said lot to said street, and from said street to said lot, by reason whereof said lot has been greatly depreciated in value, and he prays damages in the sum of $2,500.
To this petition, the receiver, for answer, says it is true he caused the erection and construction of said bridge and the approaches thereto; that the same was authorized by the city council of the city of Defiance by ordinance, which in terms permitted said bridge and approaches to be made, and prescribed the height and dimensions of said bridge and said approaches thereto, and said bridge and approaches were erected and constructed in pursuance of the authority conferred by said ordinance, and in all respects in conformity thereto; wherefore the defendant is not liable in respect to the matters and things complained of by Ralston. For a second defense he says, adopting all the allegations of his first defense, that the improvement in the street is only four or- five feet higher than it has been for the last twenty years, and the plaintiff’s lot has not been damaged thereby. Ralston demurred to the first defense. The court sustained the demurrer, to which the receiver excepted.
On the issues made by the petition and the second defense the case was tried to a jury, and a verdict rendered for Ralston. The receiver moved for a new trial; his motion was overruled, and the court rendered judgment for Ralston upon the verdict. To reverse the judgment of the court of common pleas the plaintiff in error has filed his petition in error in this court.
It is assigned for error here, as it was urged as grounds for a new trial, that the court erred in admitting and excluding evidence; in sustaining the demurrer; in refusing to charge as requested, and in the charge given; it is also claimed that the verdict is against the evidence.
We find no error in the admisión of evidence, objected to by the receiver, and without wasting time, it is sufficient to say that the verdict is not against the evidence; *332 that is, there is evidence to support the finding of the jury. If the demurrer to the first defense alleged 4n the answer was properly sustained, there was'no error on the part of the court in excluding evidence offered by the Receiver, nor in refusing to charge as requested, nor in the charge given to the jury; for all these alleged errors arise on the ordinance set out in the first defense. It is claimed by the plaintiff in error that the facts set out in the first defense in his answer are a complete bar to a recovery on the part of Ralston; that he holds his property subject to the rights of the city to change the grade of the streets upon which it abuts; that he cannot recover damages for changes in the streets, growing out of the establishment of a grade, unless the city had previously established another grade and he had made valuable improvements to correspond with such previously established grade, and in such case, he must recover from the city, and not from the person changing the street; that the city in adopting the ordinance set out in the answer, established a grade, and before the plaintiff can be entitled to recover he must show that the grade so established is a change of the previously established grade, and that he made improvements in conformity with such previously established grade; and then, in that case, that the city and not the plaintiff in error would be liable.
It is undoubtedly the law'that a lot owner in a municipal corporation holds his lot, abutting upon a highway, subject to the right of the municipality to establish the grade of such highway, and to construct the highway in conformity with such established grade; if the lot be damaged thereby, he will not be entitled to recover damages for the injury he may sustain. No doubt that is the law in this state ; but after a highway has been constructed upon a grade established by a municipal corporation, if a lot owner improves his lot in conformity to the grade so established and the highway so made, then if the grade be altered and the abutting property be damaged by such alteration, the owner will be entitled to damages, and the municipal corporation will be liable therefor.
*333 In the ordinance set out in the answer, the city did not order a change of the grade ; it authorized the receiver to raise the bridge over the railway, and make approaches thereto, so as to conform to the bridge so raised.
Section 3324 of the Revised Statutes requires railroad companies to construct and maintain safe and sufficient crossings over every highway where their track crosses the highway. If the railroad were being located, and the crossings made for the first time, the railroad company would be bound, under section 3324, to build a bridge and construct approaches thereto. If the city prescribed by ordinance the height of the bridge, the dimensions, and the grade of the approaches, still under this section the railroad company would b§. bound to make the same. In such case the filling of the street in front of Ralston’s property would be rendered necessary by reason of the location of the railroad; in other other words, such filling of the street would be a part of the crossing, which the railroad company is bound to make and maintain, and the damage, if any resulted to the lot, would flow directly from the construction of the railroad and its crossings. The easement of access to Ralston’s lot is his private property, within the meaning of the constitution, and for damages thereto by the location and construction of the railroad and the bridge and approaches thereto in front of his lot, he is entitled to recover. If, after the location of the road and the erection of the bridge and the approaches thereto in front of his lot, the bridge and approaches thereto be raised, and thereby such easement suffer additional damage, he can recover for such additional damage. Hatch v. C. & I. R. Co., 18 Ohio St. 92, It makes no difference that the city consents to the change of the grade, or, that for the benefit of the railroad company, the public, or both, the city consents that the injury may be done ; it does not do the injury. The law requires the railroad company to do the injury; that is, it requires it to make and maintain the crossing, and if the crossing must be so constructed as to injure the easement of Ralston, it is the misfortune of *334 the railroad company that it must make him whole for the injury that it is compelled to inflict upon him.
Osborn & Smith, for plaintiff in error.
B. B. Kingsbury,, for defendant in error.
With these views, the majority of the court are of the opinion that the court did not err in sustaining the demurrer, or excluding the evidence offered by the plaintiff in error, or in refusing to charge as requested, or in the charge as given.
Seney, J., dissents.
The judgment of the court of common pleas will be affirmed.