*457
 
 Kinkadb, J.
 

 The parties will be referred to as they stood in the trial court. The plaintiff, James M. McEUigott, brought an action in the court of common pleas of Huron county against the defendant, the village of Willard, Ohio, in which he sought to recover $2,000 as damages resulting from the destruction by the defendant of six poplar trees belonging to the plaintiff and growing in a street of the village adjacent to the residence property owned and occupied by the plaintiff. The petition alleged that these trees were planted in the street by plaintiff about 25 years prior to their removal by the village, and were on the boulevard part of the street, and that they were removed by the village “without any cause or excuse therefor,” and that this action damaged the property of plaintiff in the sum of $2,000.
 

 The answer of the defendant admitted the plaintiff’s ownership of the trees, and that they were removed by the defendant. The answer alleged that many of the poplar trees that were growing in the streets and alleys of the village were “detrimental to the streets, alleys and sewers in said Village of Willard; that many of said trees had damaged the sewers in said village by reason of the fact that the roots of poplar trees grow rapidly, enter the sewers, and thereby clog the sewers so as to prevent the free passage of water through the same; that the trees of the plaintiff were of the same kind as the type of poplar trees described herein
 
 * *
 

 The answer further alleged that the council of the village duly passed an ordinance ordering the removal from the streets and alleys of all poplar trees growing therein, within a reasonable time fixed
 
 *458
 
 by tbe ordinance. Tbe answer also contained tbe following allegation: “Defendant further says that said trees were removed as aforesaid solely because they constituted nuisances in said street and were damaging the sewers, streets and alleys in the said Village of Willard.”
 

 It was contended by the defendant, and supported by the evidence offered by the village, that as soon as trees of this type reach their full growth, as these six trees had, they become subject to rot at the heart, that this defect is often concealed by an outward appearance of sound condition, and by reason of such decayed interior these trees are liable to be blown down on the street by any unusual windstorm, that poplar trees of this type are very susceptible to most every known tree disease, and that the limbs of the trees are very brittle and liable to be blown into the street by the wind at any time.
 

 The reply admitted the passage of the ordinance and denied all other facts stated in the answer.
 

 The plaintiff testified in support of the facts alleged in his petition, offered in evidence photographs showing the size and general appearance and condition of the trees, and rested. The defendant moved for a directed verdict in its favor. This motion was denied, and exceptions saved. The defendant called several witnesses whose testimony strongly tended to sustain all the allegations in the answer, and rested, and then renewed its motion for a directed verdict in its favor, which was again denied and exceptions saved. No further evidence was offered in rebuttal.
 

 The jury found in favor of the plaintiff and fixed his damage at $500. The Court of Appeals, after
 
 *459
 
 exacting a
 
 remittitur
 
 of $250, to which plaintiff assented, affirmed the judgment as so modified. The defendant prosecutes error to this court and urges that prejudicial error is manifest in the record by the refusal of the trial court to direct a verdict in favor of the village, and in the charge of the court to the jury.
 

 The plaintiff concedes that the village holds title to the property between the outside boundary lines of the streets, but insists that this is a qualified and conditional ownership embracing many definite limitations. It is admitted by plaintiff that, if the immediate use of the portion of the street occupied by this row of six trees were necessary to accomplish a contemplated improvement, such as the grading, paving, sewering, widening, lighting, or other public street use of like character, then it would have been entirely proper for the village to remove the trees; but the contention of plaintiff is that the village cannot justify its action in removing the trees by offering evidence strongly sustaining its position that these trees were a menace to the use of the street by the public and should have been removed. A presumption attends the action of the village that it was taken in good faith and for a proper purpose, and the burden was on the plaintiff to establish that the village acted without legal right.
 

 This court cannot assent to the proposition that a municipality must defer all action with respect to things placed in the street by abutting lot owners until the city actually needs that space for the completing of some street improvement such as herein-before enumerated. The law of Ohio places all streets under the control of the municipality, and
 
 *460
 
 commands the municipality to keep the streets open, in repair, and free from nuisance.
 

 The General Assembly, in Section 3630, General Code, grants to municipalities full power “to regulate the planting, trimming and preservation of shade trees in streets, alleys, public grounds and places, and to provide for the planting, removal, trimming and preservation of such trees and other ornamental shrubbery. ”
 

 The state having given to municipalities the authority to manage and control the streets and to keep the same open and in repair and free from nuisances, the verdict of a jury, may not be substituted for the action of the council unless it clearly appears that the council has usurped power not given to it or has been guilty of bad faith and abuse of discretion.
 

 There is nothing in the record of this case which even tends to show, much less does show, any usurpation of power or abuse of discretion by the council or by the executive officers of the village. On the contrary, there is evidence in the record strongly supporting the presumption of good faith of the village in all respects. This being true, it follows that the motion of the defendant for a directed verdict in its favor should have been sustained.
 

 The general charge of the trial judge plainly evidences the fact that the judge was quite fully in accord with the views of counsel for plaintiff as to the limitations of municipal authority and its control over the streets. In the course of the charge, the judge said this: “Hence, Ladies and Gentlemen of the Jury, I would suggest that the first thing for
 
 *461
 
 you to determine is whether or not the council, in passing this legislation, and then in acting under it, did not in fact exceed its powers as I have indicated it to you.”
 

 The general tenor of the whole charge was along this line. The jury might well have understood from the charge that it was the right of the jury to substitute its own opinion for that of the council if there was any conflict in the evidence with reference to the fitness of these trees as street trees, and in this respect the charge was erroneous, to the prejudice of the village.
 

 For the errors mentioned, the judgments of the trial and appellate courts will be reversed, and the judgment which the trial court should have entered will be entered here in favor of the village.
 

 Judgments reversed and final judgment for plaintiff in error.
 

 Marshall, C. J., Jones, Matthias and Day, JJ., concur.
 

 Robinson, J., dissents.