8

MASHETER, DIR. OF HIGHWAYS, APPELLEE, *v.* BLAISDELL ET AL.,
APPELLANTS.
MASHETER, DIR. OF HIGHWAYS, APPELLEE, *v.* NEIDHART,
APPELLANT.

[Cite as Masheter v. Blaisdell (1972), 30 Ohio St. 2d 8.]

(Nos. 71-249 and 71-418—Decided April 26, 1972.)

10

*Mr. William J. Brown*, attorney general, *Mr. Thomas A. Luebbers*, and *Mr. Thomas S. McDonald, Jr.*, for appellee.

*Mr. Frank R. Boder*, for appellants.

BROWN, J. The sole issue raised in these cases is: In a highway appropriation proceeding where the Director of Highways has filed a Resolution and Finding to appropriate a perpetual easement in land for highway purposes, may a jury be permitted to consider more than the present intended use of the property, as established in the director's Resolution and Finding, in assessing damages to the remainder (residue) of the property.

We affirm the judgments of the Court of Appeals.

In each case, the Resolution and Finding filed by the director was captioned a "Perpetual Easement for Highway Purposes" and contained a detailed description of the easement being appropriated. Neither the property dimensions nor the amount of property specified therein were disputed by the parties.

The landowners invite our attention to the fact that the director did not elect to limit, by the caption of his Resolution and Finding, the use of the perpetual easement for any specific highway purposes. They contend that this broad language used by the director could reasonably be construed to contemplate not only his present intended use of the land for highway purposes but also any potential future purposes to which the land can be put by the director. This view is reflected in the court's special instructions, as requested by appellants, wherein the jury was charged that "the damages to the remainder of the property are *not necessarily to be determined solely on the basis of the present intended use* of the land taken by the Director of Highways for highway purposes or the present proposed location of the roadway slopes and ditches planned in the present reconstruction of State Route * * *." (Emphasis supplied.)

In a highway appropriation proceeding, the quality and quantity of rights taken from the landowner are estab-

lished by the Resolution and Finding, and plat filed by the Director of Highways. R. C. 5519.01.

In *Masheter* v. *Diver* (1969), 20 Ohio St. 2d 74, 80, this court said: "* * * The Resolution and Finding advises the landowner and all future purchasers of any lands affected by the appropriation as to what is being taken. Section 5519.01, Revised Code, specifically provides that the finding shall contain a definite, accurate and detailed description of the property, and that the director shall fix what he deems to be the * * * damages to the residue. * * *

"The Resolution and Finding and the plat are the only documents to be filed in the court, and are the only pleadings that apprise the landowner of the quality and the quantity of rights taken. * * *"

Although the Resolution and Finding filed by the director is broadly captioned and denominated a "Perpetual Easement for Highway Purposes," the compensable rights sought are established by, and limited to, the intended "highway purpose" as shown by the accompanying plans and specifications.

The nature and extent of damages to the residue must be established by the evidence brought forth at trial, and a jury may not be permitted to assess prospective damages upon a presumption that the right of way will be put to a use more injurious to the landowners than that specified in the Resolution and Finding. See *Chicago & State Line Ry. Co.* v. *Kline* (1906), 220 Ill. 334, 77 N. E. 229.

The proper measure of damages is those damages which are reasonably foreseeable and which might reasonably be expected to occur in the intended use of the property.

In each case, the jury was, in effect, authorized to include all remote and speculative damages which might result from the most injurious use to which the right of way could lawfully be put, although there was no evidence of record from which the jury could infer that any use other than the construction and operation of a highway conforming to the resolution, plans and specifications was intended.

12

The limitations on the right to damages resulting from the exercise of the power of eminent domain are that such damages must be actual and not merely speculative or contingent (*Cincinnati* v. *Shuller* [1953], 160 Ohio St. 95, and *Powers* v. *Hazelton & Letonia Ry. Co.* [1878], 33 Ohio St. 429); proximate and not remote (*Lake Shore & Michigan Southern Ry. Co.* v. *Cincinnati, Sandusky & Cleveland Ry. Co.* [1878], 33 Ohio St. 604); and not appreciable (*Hatch* v. *Cincinnati & Indiana Rd. Co.* [1868], 18 Ohio St. 92).

In each of the instant cases, the instruction pointed out various uses to which the easement could be put for which the landowner could not seek further compensation, and concluded with: "The land appropriated for highway purposes by the Director of Highways can be used for any purpose that the state may elect * * * at such later date and in such manner as the Director of Highways may deem advisable without further compensating the property owner after this appropriation proceeding."

As a consequence of the instructions given, the juries were left with the erroneous impression that the landowner was precluded from further compensation, regardless of how burdensome future uses constituted additional compensable servitudes. As stated in *Ziegler* v. *Ohio Water Service Co.* (1969), 18 Ohio St. 2d 101, 102: "It is clear that if there is an added burden or servitude, Section 19 of Article I of the Constitution of Ohio requires that the property owner be compensated."

For the above reasons, the judgments of the Court of Appeals are affirmed and the causes are remanded to the Common Pleas Court for further proceedings according to law.

*Judgments affirmed.*

HERBERT, CORRIGAN and STERN, JJ., concur.

O'NEILL, C. J., SCHNEIDER and LEACH, JJ., concur in paragraph one of the syllabus and in the judgment solely for the reason that appellants adduced no evidence of damage resulting from a reasonably foreseeable use other than that proposed in the plans and specifications.