RUMMELL ET AL., APPELLEES, *v.*
OHIO DEPARTMENT OF TRANSPORTATION,
APPELLANT.

(No. 81AP-557—Decided December 31, 1981.)

*Messrs. Weyand & Campbell* and *Mr. John S. Campbell,* for plaintiffs-appellees.

*Mr. William J. Brown,* attorney general, and *Mr. Warren M. Enders,* for defendant-appellant.

REILLY, J. This is an appeal from a judgment of the Court of Claims of Ohio.

Defendant-appellant, Ohio Department of Transportation, appeals from a

decision and judgment entry rendered by the trial court on May 29, 1981, which reads as follows:

"This cause came on to be considered on the pleadings, the evidence and the argument of counsel. The Court finds and concludes in accordance with the opinion concurrently filed. Plaintiffs are entitled to recover $1,800.

"It is therefore ORDERED and AD-JUDGED that judgment be, and the same is hereby, rendered in favor of plaintiffs, Allen Rummell and Linda Rummell, and against the defendant, the Ohio Department of Transportation in the sum of Eighteen Hundred ($1,800) Dollars. Plaintiffs are not entitled to pre-judgment interest, post-judgment interest according to law is ORDERED paid. Costs are taxed to the defendant."

The record shows that plaintiffs-appellees, Allen and Linda Rummell, owned residential real estate on State Route 39 in Dellroy, Ohio. A construction company, acting within the contract with defendant, cut down and removed two large black walnut trees standing in front of plaintiffs' property, but within the easement that defendant obtained for the maintenance of its highway. Plaintiffs filed a complaint for damages for the removal of the trees. Defendant answered and asserted the affirmative defense that the complaint failed to state a claim.

Defendant filed a motion for summary judgment on the grounds that R.C. 5501.42 authorizes the director of transportation to cut and remove trees within the limits of a state highway when necessary. The court overruled defendant's motion for summary judgment and the case proceeded to trial.

Defendant has now perfected this appeal, including the following assignment of error:

"The trial court erred to the prejudice of appellant by holding that, despite the grant of authority in Ohio Revised Code Section 5501.42, where the director of the Department of Transportation finds that a tree growing within a highway right of way constitutes a threat to the safety of the traveling public and thus must be cut and removed, the owner of the underlying fee should be compensated for the taking of said tree."

R.C. 5501.42 provides that:

"The director of transportation shall have supervision and control of all trees and shrubs within the limits of a state highway. The department of agriculture or other proper department may, with the consent of the director of transportation, take charge of the care of such trees, and such department, in the event it takes charge of such trees, may, with the consent of the director of transportation, plant additional trees within the limits of a state highway. The cost and expense of caring for or planting such trees may be paid out of any funds available to the director or for the development of forestry of the state.

"The director may cut, trim, or remove any grass, shrubs, trees, or weeds growing or being within the limits of a state highway.

"The powers conferred by this section upon the director shall be exercised only when made necessary by the construction or maintenance of the highway or for the safety of the traveling public."

Section 19, Article I, Ohio Constitution, however, states:

"Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or

first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner."

While R.C. 5501.42 authorizes the director of transportation to "remove" trees within the highway limits, such power is to be exercised only when "made necessary by the construction or maintenance of the highway." This power cannot be construed to allow the director to "take" trees which belong to a private property owner without compensation as provided for in Section 19, Article I, Ohio Constitution. The most reasonable construction of the word "remove," as used in R.C. 5501.42, would be simply to remove such trees from the "limits of a state highway." If removing is to be construed as a taking, the mere fact that the director has the power by statute to remove such trees does not give the director the right to do so without compensating the private property owner.

Defendant cites *Village of Willard* v. *McElligott* (1929), 121 Ohio St. 456 to support this position to the contrary. *Willard* is distinguishable from this case, since in *Willard* the city owned the property from which the trees were removed, while in this case, the facts indicate that the trees were on plaintiffs' private property. Thus, the court was correct in determining that, although the director could remove the trees from the highway limits, he could not take them without compensating the owner. Since the trees were on plaintiffs' property, plaintiffs were the owners thereof, absent evidence to the contrary. Therefore, defendant's assignment of error is overruled.

Accordingly, for the foregoing reasons, the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

McCORMAC and MOYER, JJ., concur.