OPINION
{¶ 1} Defendants-appellants, Ohio Department of Transportation ("ODOT") and the Office of Risk Management (collectively "appellants"), appeal from the June 6, 2003 judgment entry of the Ohio Court of Claims finding ODOT liable to plaintiffs-appellees, Ronald R. Ritchie and Sherry K. Ritchie ("appellees") for the taking of branches from eight Colorado Blue Spruce trees and the diminished aesthetic value as a result of the taking. Judgment was rendered against ODOT in the amount of $28,025. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} On June 18, 1999, Roger Waters, an employee of ODOT, used a tractor with a side-mounted mower, commonly referred to as a "bush-hog" mower, to cut back vegetation growing within the right-of-way on State Route 788 ("SR 788"). Waters cut the limbs from one side of eight Colorado Blue Spruce trees located on appellees' property. The limbs were hanging below the telephone lines and over the right-of-way.
 {¶ 3} On June 1, 2001, appellees filed a complaint against appellants seeking $22,000 in damages. Appellees alleged that ODOT trespassed on their property and violated R.C. 901.51
(injuring vines, bushes, trees, or crops). Appellees argued that the blue spruces lost their ornamental value and needed to be completely removed and replaced because the damage to the trees was permanent. Appellants filed a motion for summary judgment asserting that the spruce trees were in the right-of-way and ODOT had an absolute privilege to trim them pursuant to R.C. 5501.42. Appellants' motion was overruled and the matter proceeded to trial.
 {¶ 4} At trial, the trial court determined the existence and width of the right-of-way for SR 788. The trial court found that "more likely than not that [ODOT] was granted an easement before accepting the roadway into the state system" in 1938 and the easement extended at least 25 feet from the centerline of SR 788 onto appellees' property. (Decision, at 3.) Therefore, the trial court concluded that ODOT did not trespass upon appellees' property nor did ODOT violate R.C. 901.51. The trial court noted that ODOT was authorized to trim the branches for the safety of the motoring public on SR 788. However, while ODOT was authorized to trim the branches, such trimming was a taking of property without compensation in violation of Section 19, Article I, Ohio Constitution. Citing Rummel v. Ohio Dept. of Transp. (1981),3 Ohio App.3d 38, the trial court extended this court's holding and concluded that appellees should be compensated for the loss of branches and the subsequent diminution in the aesthetic value of their property.
 {¶ 5} During the trial, Tom Dishong, a tree farmer, presented evidence of damages. Dishong testified that the estimated cost of removing the blue spruce trees, disposing of them, replacing them with mature 30 foot trees, and guaranteeing them for one year would be $28,000. On June 6, 2003, the trial court awarded appellees damages in the amount of $28,000, plus their $25 filing fee. It is from this entry that appellants appeal, assigning the following as error:
I. The Court of Claims erred when it held that the statutorily-authorized trimming of lower limbs from trees growing within the existing right of way of a state highway by the Department of Transportation, where such trimming is necessary for the safety of the motoring public, constitutes a constitutional taking of property requiring compensation, pursuant to Section 19, Article I of the Ohio Constitution, to the abutting landowners whose property rights are "subject to all legal highways."
II. The Court of Claims erred in awarding damages in an amount equal to the cost of completely removing eight Colorado Spruce trees, disposing of them and replacing them with eight mature, 30-foot Colorado Spruce trees when the Department of Transportation trimmed the lower limbs from the side of the trees facing the highway and hanging over the right of way, for the safety of the motoring public.
 {¶ 6} In the first assignment of error, appellants argue that the trial court erred in holding that the trimming of the lower branches on the spruce trees, by the ODOT employee, constituted a taking of property requiring compensation.
 {¶ 7} The director of ODOT is vested, pursuant to R.C.5501.42, with:
[The] supervision and control of all trees and shrubs within the limits of a state highway. The department of agriculture or other proper department may, with the consent of the director of transportation, take charge of the care of such trees, and such department, in the event it takes charge of such trees, may, with the consent of the director of transportation, plant additional trees within the limits of a state highway. The cost and expense of caring for or planting such trees may be paid out of any funds available to the director or for the development of forestry of the state.
The director may cut, trim, or remove any grass, shrubs, trees, or weeds growing or being within the limits of a state highway.
The powers conferred by this section upon the director shall be exercised only when made necessary by the construction or maintenance of the highway or for the safety of the traveling public.
 {¶ 8} Section 19, Article I, Ohio Constitution states:
Private property shall ever be held inviolate, but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money, and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.
 {¶ 9} In this case, appellants urge this court to revisit our decision in Rummel upon which the trial court relied. InRummel, a construction company, acting pursuant to a contract with ODOT, cut down and completely removed two large black walnut trees standing in front of and on the landowner's property, but within the easement that ODOT obtained for maintenance of the highway. We held that "although the director could remove the trees from the highway limits, he could not take them without compensating the owner." Id. at 40. Moreover, the trial court extended the rationale of Rummel beyond the complete removal of trees to the facts presented by the instant case in which the trees were merely trimmed.
 {¶ 10} In this case, testimony was presented on behalf of ODOT that the branches of the spruce trees were overhanging a ditch in the right-of-way adjacent to the roadway and therefore limited the ability of motorists to see vehicles exiting appellees' driveway. Therefore, according to ODOT, it had a privilege, pursuant to R.C. 5501.42, to maintain safety for the traveling public.
 {¶ 11} As the court noted in Smith v. Peyatt (Nov. 2, 1988), Trumbull App. No. 3759:
The law in Ohio is consistent * * * when an easement for public use exists over a landowner's property, and that landowner was compensated when the easement was granted, the landowner has no right to receive additional compensation for improvements to the highway or object to improvements constructed within the easement, as long as the improvements are consistent with the purposes of the contemplated easement. Masheter v. Blaisdell
(1972), 30 Ohio St.2d 8; Sears v. Hopley (1921),103 Ohio St. 46; Lawrence Railroad Co. v. Williams (1878), 35 Ohio St. 168;Ziegler v. Ohio Water Service Co. (1969), 18 Ohio St.2d 101.
 {¶ 12} This court's holding in Rummel is contrary to the line of authority in Ohio. We agree with the analysis of those cases and overrule our prior decision in Rummel.
 {¶ 13} Because the removal of the tree branches were related to a highway improvement, appellees were not entitled to compensation. See Rueckel v. Texas Eastern Transm. Corp.
(1981), 3 Ohio App.3d 153, 158 (trees that obstruct or impede the use of an existing easement may be removed without additional compensation); Village of Seville v. Saunders (Sept. 1, 1999), Medina App. No. 2883-M. In reaching our decision, we overrule our prior decision in Rummel. As such, appellants' first assignment of error has merit and is well-taken. Because we find that appellees are not entitled to compensation, we decline to address appellants' second assignment of error. See App.R. 12(A)(1)(c).
 {¶ 14} For the foregoing reasons, we sustain appellants' first assignment of error, rendering appellants' second assignment of error moot, and reverse the decision of the trial court.
Judgment reversed.
 Bowman and Sadler, JJ., concur.