[Cite as *Digiorno v. Ohio Dept. of Transp.*, 2017-Ohio-2698.]

GARY DIGIORNO, et al.

    Plaintiffs

    v.

OHIO DEPARTMENT OF
TRANSPORTATION

    Defendant

Case No. 2015-00942

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

<u>ENTRY GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT</u>

**{¶1}** On March 3, 2017, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On March 31, 2017, plaintiffs filed a response. The motion for summary judgment is now before the court for a non-oral hearing. L.C.C.R. 4.

**{¶2}** Civ.R. 56(C) states, in part, as follows:

**{¶3}** "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

**{¶4}** Plaintiffs allege that on February 5, 2014, agents of defendant, the Ohio Department of Transportation (ODOT), wrongfully removed seven trees from

Cynthia Digiorno's property. Digiorno stated that, on the same day, she had a phone conversation with Christine Myers, a public information officer for ODOT, and was informed that "the trees were rotted and posed a road hazard." (Plaintiffs' Exhibit 1.) Plaintiffs contend that the trees were healthy and not rotted. On either February 5 or February 6, 2014, Digiorno received a phone call from Kim Scott, a transportation manager for ODOT's Huron County maintenance facility. According to Digiorno, Scott related that the trees were removed "because they provided too much shade on the highway which deteriorated the asphalt causing potholes." (*Id.* ¶ 5)

{¶5} On March 14, 2014, Myers responded to an inquiry from plaintiffs' counsel with a letter that provided a more detailed explanation of ODOT's reasons for removing the trees. In her letter, Myers stated that due to the size and proximity of the trees to the highway, the trees were identified for removal based upon two factors. Myers stated that the primary reason for removal of the trees was the shade that caused premature deterioration of the asphalt, including a significant amount of potholes. Additionally, the proximity of the trees to the roadway presented a potential hazard to motorists whose vehicles might leave the road and collide with a tree.

{¶6} Defendant attached to its motion for summary judgment the deposition of Kim Scott. Scott testified that her duties included performing highway inspections and scheduling work to maintain the roadways and vegetation in adjacent areas. On September 23, 2013, Scott completed a work order for tree removal and pruning which lists the condition of the trees as "dead" and directs workers to clear the right of way that borders Digiorno's property on SR 18 in Huron County. (Defendant's Exhibit B.) The work order states that the trees to be removed had been marked with a white "X." Scott testified that she marked trees which she determined presented potential problems for the highway pavement. Scott explained that the trees shaded the highway in a manner that accelerated pavement deterioration by causing the pavement to remain wet or

frozen in the winter months.  Scott testified that the work order was reviewed by an ODOT engineer before it was presented for bidding by private contractors.

{¶7} There is no dispute that the trees were located within ODOT's right of way. Raymond Foos, a professional surveyor, established that the right of way occupied by ODOT on State Route (SR) 18 was taken as a highway easement in 1955 and recorded in a deed that is attached to his affidavit.  (Defendant's Exhibit C.)  Foos averred that the stumps from the removed trees are located within the right of way and subject to the terms and conditions of the easement.  However, plaintiffs contend that the removal of the trees was not consistent with the purposes of the easement which granted ODOT its right of way.  According to plaintiffs, the reasons provided for removing the trees were "fabricated" after defendant discovered the trees were not dead.

{¶8} Pursuant to R.C. 5501.42, the director of ODOT is vested with "supervision and control of all trees and shrubs within the limits of a state highway. The department of agriculture or other proper department may, with the consent of the director of transportation, take charge of the care of such trees, and such department, in the event it takes charge of such tress, may, with the consent of the director of transportation, plant additional trees within the limits of a state highway. The cost and expense of caring for or planting such trees may be paid out of any funds available to the director or for the development of forestry of the state.

{¶9} "*The director may cut, trim, or remove any* grass, shrubs, *trees*, or weeds growing or being *within the limits of a state highway*.

{¶10} "The powers conferred by this section upon the director shall be exercised only when made necessary by the construction or maintenance of the highway or for the safety of the traveling public."  (Emphasis added.); *Ritchie v. Ohio DOT*, 10th Dist. Franklin No. 03AP-691, 2004-Ohio-2505, ¶ 7.

{¶11} The Tenth District Court of Appeals has held that "[t]he law in Ohio is consistent * * * when an easement for public use exists over a landowner's property,

and that landowner was compensated when the easement was granted, the landowner has no right to receive additional compensation for improvements to the highway or object to improvements constructed within the easement, as long as the improvements are consistent with the purposes of the contemplated easement. *Ritchie*, ¶ 11, quoting *Smith v. Peyatt*, Trumbull App. No. 3759, (May 6, 1988) 1988 Ohio App. LEXIS 1764; *Masheter v. Blaisdell*, 30 Ohio St.2d 8 (1972).

{¶12} Although plaintiffs contend that a genuine issue of material fact remains as to the condition of the trees and defendant's reasons for ordering the removal, the court finds that there is no dispute that the trees were within the highway right of way and that the easement pertained to "public highway and road purposes." The undisputed evidence shows that the trees at issue shaded a portion of SR 18, which caused premature deterioration of the asphalt roadway. Furthermore, defendant's determination that the removal was justified because the close proximity of the trees to the highway presented a potential hazard to motorists is also consistent with the purpose of the easement. The court finds that reasonable minds can only conclude that the removal of the trees was related to a highway improvement which is consistent with the purposes of the easement and that plaintiffs are not entitled to compensation.

{¶13} Based upon the foregoing, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED. Judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

Case No. 2015-00942 -5- ENTRY

cc:

Oliver Joseph Murray
10 East Main Street
Ashland, Ohio 44805-0650

Frank S. Carson
Peter E. DeMarco
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed April 19, 2017**
**Sent to S.C. Reporter 5/5/17**